IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHONN L. MILLER, | ) |
|    Plaintiff, | ) ) ) |
|   v. | ) Civil Action No. 24-731 ) ) |
| LELAND DUDEK, *Commissioner of Social Security*; | ) ) ) |
|    Defendant. | ) |

## **ORDER**

AND NOW, this 18th day of July 2025, having considered the parties' cross-motions for summary judgment, the Court will <u>AFFIRM</u> the Commissioner of Social Security's final decision denying Plaintiff Shonn L. Miller's ("Miller") claims for disability insurance benefits and supplemental security income because the Commissioner's findings are supported by substantial evidence. *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) ("On judicial review, an ALJ's factual findings … 'shall be conclusive' if supported by 'substantial evidence.'" (quoting 42 U.S.C. § 405(g)).[1]

---

[1] In his motion for summary judgment and brief, Miller asked and advocated for reversal of the Commissioner's decision. The decision of the Administrative Law Judge ("ALJ") who presided over the hearing concerning Miller's claims became the Commissioner's final decision when the Appeals Council denied Miller's request for review. (Docket No. 8-2 at 2 ("We found no reason … to review the Administrative Law Judge's decision. Therefore, we have denied your request for review. This means that the Administrative Law Judge's decision is the final decision of the Commissioner of Social Security in your case.")). In that final decision, the ALJ applied the five-step sequential evaluation process for determining whether an individual is under a disability. (Docket No. 8-2 at 26). The ALJ's findings in support of the decision that Miller was not under a disability were that: (1) Miller had not engaged in substantial gainful activity since his alleged onset date; (2) Miller had nine severe impairments (cervical fracture, lumbar degenerative disc disease, osteoarthritis, obesity, coronary artery disease, status post myocardial infarction, hyperlipidemia, attention deficit hyperactivity disorder (ADHD), and major depressive disorder (MDD)); (3) Miller had no impairments or combination of impairments that met or were medically equal to a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1; and (4) Miller had a Residual Functional Capacity ("RFC") that would permit light work (*see* 20 C.F.R. §§ 404.1567(b), 416.967(b)) with added limitations, including that he could not climb ladders/ropes/scaffolds, could only occasionally climb ramps or stairs, occasionally balance/stoop/crouch/kneel/crawl, frequently reach, occasionally reach overhead, frequently handle, frequently finger, frequently feel, have occasional exposure

to weather (outside atmospheric conditions), occasional exposure to non-weather-related extreme cold and hot temperatures, occasional exposure to humidity, no exposure to excessive vibration, occasional exposure to pulmonary irritants (fumes, odors, dust, or gases), no exposure to dangerous machinery with moving mechanical parts, no exposure to unprotected heights, limitation to simple and repetitive tasks, work with only occasional simple decision making, and only occasional routine changes in his work environment. (Docket No. 8-2 at 31).  Based on that RFC, the ALJ determined that Miller could not return to past relevant work, but the ALJ further found (5) that—based on Miller's RFC, age, education, and work experience—he could successfully adjust to other work. (*Id.* at 38-39).

Miller argues that the ALJ's decision is not supported by substantial evidence because the ALJ decided Plaintiff could adjust to other work based on testimony of a Vocational Expert ("VE"), but such testimony was premised on the ALJ's overrepresentation of Miller's RFC to the VE in eliciting the latter's testimony.  Miller argues that the ALJ should have presented additional mental limitations to the VE to account for Miller's subjective complaints of pain, mental limitation to one- and two-step tasks based on opinions offered by Lori Anne Young, Psy.D. and Stephen Michael Timchack, Psy.D. (opinions that the ALJ considered "persuasive"), and limitation to SVP 1 unskilled jobs, which best capture Young and Timchack's opined one- and two-step tasks limitation. (Docket No. 11 at 3).

Concerning Miller's argument that it was error for the ALJ to not specifically include a one- and two-step tasks limitation in the RFC despite finding Young and Timchack's opinions persuasive, this Court has made it very clear that an ALJ is not bound to adopt all the opined limitations in an opinion merely because he or she finds the opinion persuasive.  *Bruce v. Kijakazi*, No. 3:20-CV-229, 2022 WL 973280, at *4 (W.D. Pa. Mar. 31, 2022) ("[S]imply finding an opinion persuasive does not mean that the ALJ must accept the persuasive medical opinion wholesale."); *Wilkinson v. Comm'r Soc. Sec.*, 558 F. App'x 254, 256 (3d Cir. 2014) ("The ALJ was not required to adopt all of Dr. Ali's opinion solely because she found the opinion as a whole persuasive.").  Assessing a claimant's RFC is the province of the ALJ.  *Wilkinson*, 558 F. App'x at 256 (citing 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2)).  In Miller's case, the ALJ based the RFC determination on a thorough review of *all the evidence*, and determined that limitation to work with only occasional simple decision making was the degree of limitation supported by the evidence.  The ALJ considered Miller's complaints of pain, mental health treatment (and the lack thereof), his testimony about getting "jumbled up" and difficulty multitasking, and testimony about needing to write things down. (Docket No. 8-2 at 31-32).  Alongside that evidence, the ALJ considered Miller's history of stable ADHD, some irritability and anxiety, his cessation of Adderall for cardiovascular reasons in February 2020 with no indicia of worsening mental health thereafter, depression related to his inability to work and financial problems, the notable absence of abnormal mental health findings in much of Miller's behavioral health history, and evidence indicating that he got along well with people and had normal hygiene, motor behavior, eye contact, thought process, attention, concentration, memory, and cognitive function. (*Id.* at 34-35).  The ALJ also considered, as indicated above, Young and Timchack's record review and opinion that Miller is capable of "meet[ing] basic mental demands on a sustained basis." (*Id.* at 37).  Such evidence and the ALJ's analysis thereof adequately supported the RFC determination and the absence of further limitations therein, notwithstanding Miller's subjective pain testimony.  The ALJ, of course, had the opportunity to see "the hearing up close," *Biestek*, 587 U.S. at 108, and evaluate Miller's testimony alongside the other evidence of record to formulate the RFC.

Moreover, and contrary to Miller's argument in support of his motion, the ALJ was not required to include further mental limitations in the RFC once she found, in an earlier part of her analysis, that Miller was moderately limited in concentration, persistence, or maintaining pace. *Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 211 (3d Cir. 2019).  The mental limitations in the RFC are supported by a valid explanation, which is all that is required. *Id.*  Overall, the ALJ's finding of the RFC and decision is more than adequately

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 10) is <u>denied</u> and Defendant's Motion for Summary Judgment (Docket No. 14) is <u>granted</u>.

<u>s/ W. Scott Hardy</u>
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record

---

supported by the record; therefore, the Court will not disturb the Commissioner's well-supported and clearly articulated final decision on Miller's social security claims.